# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOMINIC LE ROUX, and ANNE MARIE PRESLEY,<br><br>    Plaintiffs,<br>vs.<br><br>WOODGRAIN MILLWORK, INC., an Oregon corporation, individually; and d/b/a MOUNTAIN CLAIMS MANAGEMENT,<br><br>    Defendants. | Case No. CV 07-411-EJL-LMB<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendant's Motion to Partially Dismiss (Docket No. 17). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

## I.

## BACKGROUND[1]

Plaintiffs are two individuals, Dominic Le Roux ("Le Roux") and Anne Marie Presley ("Presley"). *See Amended Complaint* (Docket No. 12). Presley is the mother of Le Roux. *Id.* at ¶ 8. Doug Percifield ("Percifield"), a non-party to the instant proceedings, is Le Roux's

---

[1] In accordance with Federal Rule of Civil Procedure 12(b), this background section recites the facts as alleged by Plaintiff, the non-moving party.

**REPORT AND RECOMMENDATION- 1**

biological father. *Id.* at ¶ 9. Le Roux alleges that he was the intended beneficiary of a health care benefit plan (the "Plan") provided to Percifield through Percifield's employment with Defendant Woodgrain Millwork, Inc. *Id.* at ¶ 9. Woodgrain Millwork, Inc. uses the name Mountain Claims Management to do business as the claim management entity for the Plan. *Id.* It is undisputed that the Plan is governed by the Employee Retirement Income Security Act ("ERISA").

On November 1, 2005, Le Roux, then a minor, suffered severe and debilitating injuries in an automobile accident. *Id*. at ¶ 7. Plaintiffs allege that Percifield discussed the accident with an agent of Defendant who opened a "claims file" for Le Roux. *Id.* at ¶ 11. Plaintiffs further allege that this agent told Percifield "not to worry about it," indicating that Defendant would cover the medical expenses LeRoux incurred, as set forth in the Plan.

To date, LeRoux has incurred $271,464.98 in medical expenses resulting from the injury. *Id*. at ¶ 10. Defendant has not paid for any of these medical services. *Id*. at ¶ 15.

## II.

## PROCEDURAL HISTORY

Plaintiffs originally brought this action in state court on September 13, 2007. *See Notice of Removal*, Ex. 2 (Docket No. 1-4). Defendant filed a timely Notice of Removal (Docket No. 1) on October 1, 2007 and a Motion to Dismiss (Docket No. 7) on October 9, 2007. The parties resolved the initial Motion to Dismiss by Stipulation (Docket No. 8) allowing Plaintffs to file an amended complaint. *Order Approving Stipulation* (Docket No. 10); *see Amended Complaint and Demand for Jury Trial* (Docket No. 12). The Amended Complaint asserts six causes of action: (1) recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1); (2) equitable estoppel; (3) ERISA

**REPORT AND RECOMMENDATION- 2**

penalties pursuant to 29 U.S.C. § 1132(c)(1); (4) breach of ERISA fiduciary duty; (5) slander of credit (as per Presley only); and (6) class action. *See Amended Complaint and Demand for Jury Trial*, ¶¶ 19-50 (Docket No. 12).

On December 7, 2007, Defendant filed the instant Motion to Partially Dismiss (Docket No. 17). Defendant seeks to dismiss all of Plaintiffs' claims, except for the claim for benefits pursuant to 29 U.S.C. 1132(a)(1). *Memorandum in Support fo Defendant's Motion to Partially Dismiss*, p. 2 (Docket No. 17). In response, Plaintiffs withdrew their ERISA breach of fiduciary duty claims pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(a)(3) and Plaintiff Presley's slander of credit claim. *Response to Defendant's Motion to Partially Dismiss Complaint*, p. 6 (Docket No. 18-2); *Stewart Affidavit*, ¶¶ 4-5 (Docket No. 18).

In addition, Plaintiffs attached a proposed Second Amended Complaint as an exhibit to an affidavit of counsel. *Stewart Affidavit*, ¶ 2, Ex. A (Docket No. 18). The proposed Second Amended Complaint is not signed nor has it been filed. Further, Plaintiffs have not sought leave of the Court to file the amended pleading. However, it appears that Defendant would also move to dismiss the Second Amended Complaint for the same reasons it supports dismissal of the First Amended Complaint. *Reply Memorandum in Support of Their Motion to Partially Dismiss Plaintiff's Complaint*, p. 2, n.1 (Docket No. 21).

### III.

### DISCUSSION

**A.   Second Amended Complaint**

Federal Rule of Civil Procedure 15 provides a liberal policy of amendment. "A party may amend the party's pleading once as a matter of course at any time before a responsive

**REPORT AND RECOMMENDATION- 3**

pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

In the instant case, Plaintiffs have amended their complaint once as a matter of right.  *See Amended Complaint and Demand for Jury Trial* (Docket No. 12).  Therefore, Plaintiffs must seek leave of the Court in on order to file a second amended complaint.  Plaintiffs have not yet sought leave of the court to do so; the pleading is simply attached to an affidavit filed in opposition to Defendant's Motion to Partially Dismiss.  Therefore, the proposed but not yet filed Second Amended Complaint will not be part of the Court's analysis here.

**B.      Defendant's Motion to Partially Dismiss**

Plaintiffs have effectively conceded a number of claims subject to Defendant's Motion to Dismiss.  Plaintiffs withdrew their ERISA breach of fiduciary duty claims pursuant to 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(a)(3) and the slander of credit claim asserted by Plaintiff Presley.  *See Response to Defendant's Motion to Partially Dismiss Complaint*, p. 6 (Docket No. 18-2); *Stewart Affidavit*, ¶¶ 4-5 (Docket No. 18).  Therefore, the remaining claims subject to the instant motion to dismiss are: (1) equitable estoppel; (2) ERISA penalties pursuant to 29 U.S.C. § 1132(c)(1); (3) breach of fiduciary duty under 29 U.S.C. § 1104(a) and (4) the purported class action.

      **1.      Motion to Dismiss Standard**

When analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the factual allegations contained in the complaint and construe them in the light

**REPORT AND RECOMMENDATION- 4**

most favorable to the plaintiff. *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999). Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.* Thus, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (emphasis in the original).

### 2.     Equitable Estoppel

ERISA preempts state claims based on equitable estoppel. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1095 (9th Cir. 1985). Nonetheless, "federal equitable estoppel principles can, in certain circumstances, apply to some claims arising under ERISA." *Greany v. Western Farm Bureau Life Ins.Co.*, 973 F.2d 812, 821 (9th Cir. 1992).

"When a plaintiff seeks to *recover benefits* under an ERISA plan based on an equitable estoppel theory, the Ninth Circuit requires the plaintiff to satisfy a six-prong test." *Lamantia v. Voluntary Plan Administrators, inc.*, 401 F.3d 1114, 1119 (9th Cir. 2005)(emphasis in original). The six prongs include the following: (1) the provisions of the plan at issue must be ambiguous; (2) misrepresentations must be made to the employee involving an oral interpretation of the plan; (3) these misrepresentations must be material; (4) the claimant's reliance must be reasonable; (5) the claimant's reliance must be detrimental; and (6) there must be extraordinary circumstances. *Pisciotta v. Teledyne Indus. Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996)(per curiam).

Here, the Amended Complaint does not allege the existence of an ambiguity in the Plan, nor does it include allegations regarding an oral interpretation of the ambiguity or the

**REPORT AND RECOMMENDATION- 5**

reasonableness of Plaintiffs' reliance on such an interpretation. Therefore, it is recommended that the equitable estoppel claim be dismissed without prejudice.

### 3. Penalty Pursuant to 29 U.S.C. § 1132(c)(1)

ERISA section 502(c)(1), 29 U.S.C. § 1132(c)(1) provides for the imposition of fees for the failure to provide certain information. The statute states in relevant part:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B).

In the Amended Complaint and Demand for Jury Trial, Plaintiffs allege that the penalty claim under 29 U.S.C. § 1132(c)(1) is based on the allegation that Defendant's "persistent refusal to provide the benefit of payment of medical bills incurred by Plaintiff Dominic LeRoux was unreasonable and without justification." *Amended Complaint and Demand for Jury Trial*, ¶ 34 (Docket No. 12). However, the failure to pay benefits is not a requirement addressed in 29 U.S.C. § 1132(c)(1).

Nonetheless, in opposition to the Motion to Partially Dismiss, Plaintiffs argue that the First Amended Complaint (Docket No. 12) contains additional allegations relevant to this claim. Specifically, Plaintiffs allege that Defendant denied coverage on the basis that the accident involved alcohol. *First Amended Coplaint and Demand for Jury Trial*, ¶ 13 (Docket No. 12). In response, Plaintiffs sent Defendant a letter disputing whether alcohol was involved and attached

**REPORT AND RECOMMENDATION- 6**

a copy of the accident report which clearly states that alcohol was not a factor in the accident. *Id.* at ¶ 14.  Plaintiffs argue that this letter indicates that Plaintiffs were seeking further information regarding the denial of their claim.  Therefore, Plaintiffs claim under 29 U.S.C. § 1132(c)(1) is based on Defendant's alleged failure to provide further information regarding the decision to deny LeRoux benefits.

Though not alleged by Plaintiffs, it appears that they contend Defendant was under an obligation to provide them information pursuant to 29 U.S.C. § 1133, which requires an employee benefit plan to "provide adequate notice in writing to any . . . beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial." 29 U.S.C. § 1133(1).  Further, the employee benefit plan is required to "afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary to the decision denying the claim."  29 U.S.C. § 1133(2).

A plain reading of the statute combined with relevant Ninth Circuit case law demonstrates that a failure to comply with 29 U.S.C. § 1133 may lead to administrative penalties under 29 U.S.C. § 1132(c)(1).  *See Hwang v. Daniel*, 922 F.2d 844 (9th Cir. 1991).  Moreover, a request for information need not be explicit but may be implied from the context of the communication depending upon the circumstances.  *See Bell v. Hawaiian Airlines, Inc.*, 147 Fed.Appx. 643, 644-45 (9th Cir. 2005).

Plaintiffs claim for administrative penalty meets a liberal notice pleading requirement.  It is evident from the pleading that Plaintiffs seek redress under 29 U.S.C. § 1132(c)(1) based on Defendant's failure to furnish them, upon request, with additional information regarding a claim

**REPORT AND RECOMMENDATION- 7**

for benefits. Therefore, it is recommended that Defendant's Motion to Partially Dismiss (Docket No. 17) be denied in this regard.

### 4.  Fiduciary Duty under 29 U.S.C. § 1104

Section 1104 outlines an ERISA fiduciary duty of care. 29 U.S.C. § 1104. This section does not provide a claim for relief. Plaintiffs' claims stemming from Defendant's alleged breach of fiduciary duty should be brought under the civil enforcement provisions outlined in 29 U.S.C. §§ 1132(a)(2) and (3). However, Plaintiffs have withdrawn their claims for relief under 29 U.S.C. §§ 1132(a)(2) and (3). *See Stewart Affidavit*, ¶ 4 (Docket No. 18). Therefore, it is recommended that Plaintiffs' claim alleged under 29 U.S.C. § 1104 be dismissed without prejudice.

### 5.  Class Action

To state a valid claim for class relief, the complaint must contain allegations showing the existence of the prerequisites and grounds for maintaining a class action. *See* Fed. R. Civ. P. Rule 23(a) and (b); *E.E.O.C. v. General Tel. Co. of Northwest, Inc.*, 599 F.2d 322 (1979) (citing 3B Moore's Federal Practice, § 23.03, at 23-109). The prerequisites to a class action are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The grounds for maintaining a class action include: (1) the risk of prejudice of separate actions; (2) injunctive relief sought for class; or (3) predominant common questions and superior remedy. Fed. R. Civ. P. 23(b).

**REPORT AND RECOMMENDATION- 8**

In the instant case, Plaintiffs have not alleged that the class is so numerous that joinder is impracticable nor have Plaintiffs alleged any of the grounds for maintaining a class action. Therefore, it is recommended that the class action claim be dismissed without prejudice.

## IV.

## CONCLUSION

In their Amended Complaint and Demand for Jury Trial, Plaintiffs assert six claims for relief.  *Amended Complaint and Demand for Jury Trial* (Docket No. 12).  Defendant seeks dismissal of five of these claims.  *Motion to Patially Dismiss* (Docket No. 17).  Plaintiffs have withdrawn the claims for slander of credit and the enforcement provisions related to the ERISA breach of fiduciary duty claims leaving four claims to be reviewed, i.e., equitable estoppel, administrative penalties pursuant to 29 U.S.C. § 1132(c)(1), breach of fiduciary duty pursuant to 29 U.S.C. § 1104, and class action.  It is recommended that the district court dismiss without prejudice the claims for equitable estoppel, breach of fiduciary duty pursuant to 29 U.S.C. § 1104, and class action.

Under the Scheduling Order, Plaintiffs have until April 28, 2008 to amend the complaint pursuant to Federal Rule of Civil Procedure 15.  This motion has been resolved without a hearing in order to allow Plaintiffs an opportunity to amend their complaint prior to the April 28 deadline.  If Plaintiffs choose to amend the complaint and continue to assert a claim for class action, then it is recommended that the district court require any motion for class certification to be filed as soon as practicable and, in any event, no later than July 1, 2008.  *See* Fed. R. Civ. P. 23(c).

**REPORT AND RECOMMENDATION- 9**

## V.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the district court:

(1)     grant Defendant's Motion to Dismiss (Docket No. 17) only with regard to Plaintiffs' claims for equitable estoppel, breach of fiduciary duty pursuant to 29 U.S.C. § 1104, and class action, and

(2)     require Plaintiffs to file a motion for class certification, if they are going to do so, no later than July 1, 2008.

Any party objecting to this recommendation must file written objections with the court within ten (10) days.  *See* 28 U.S.C. §636(b)(1)(B); District of Idaho Local Civil Rule 72.1(b)(2).



DATED:  **April 22, 2008**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**REPORT AND RECOMMENDATION- 10**